IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

Terry D. K.,

            Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

           Defendant.

Case No. 18-CV-71-TCK-FHM

### REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 22, 2013, application for disability benefits was denied initially, on reconsideration, and following a hearing before an Administrative Law Judge (ALJ). The Appeals Council remanded the matter for further consideration and an additional hearing was held before ALJ John W. Belcher on November 2, 2016. By decision dated January 17, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset of disability and 50 on the date of the ALJ's denial decision. He completed the 10th grade and took some vocational classes in management. [R. 113]. He formerly worked as a auto mechanic in his own shop. He claims to have been unable to work since October 2, 2012 as a result of post traumatic stress disorder, back and neck pain, depression, and anxiety. [R. 140].

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(C) with some limitations. Plaintiff is able to do no lifting or carrying more than fifty pounds occasionally and twenty-five pounds frequently with the same limitations on pushing and pulling. He is able to stand or walk for six hours of an eight-hour workday and sit for eight hours of a workday. He is frequently able to climb ladders, ropes, and scaffolding, bend or stoop, crouch, and crawl. He is limited to simple and routine tasks and must work in a habituated work setting and object oriented setting. He is able to have superficial, but constant

contact with coworkers or supervisors.  He should not be in close proximity to coworkers such that he should maintain a distance of 3 to 5 feet between other coworkers and himself when working.  He should have no contact with the public.  [R. 24].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that at step five of the sequential analysis the ALJ erroneously found that he can perform other work in the economy.  Plaintiff also argues that the RFC as to his mental impairments is not supported by substantial evidence.

### Analysis[2]

### Step Five Analysis

At step five of the five-step sequential evaluation process, the ALJ determines whether, considering the claimant's RFC, age, education, and work experience there is work the claimant can perform.  20 C.F.R. §§ 404.1520(a)(4), 416.920 (a)(4).  It is the Commissioner's responsibility to provide evidence that demonstrates other work exists in

---

[2] Plaintiff raises several issues in one-line comments or in footnotes.  The undersigned has considered and discussed only those contentions that have been adequately briefed.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (court considered only contentions that had been adequately briefed for the court's review), *Adcock v. Commissioner, SSA*, — Fed. Appx.— (10th Cir. 2018), 2018 WL 47600095 at *2, n.1 (declining to consider various poorly developed sub-issues alluded to in briefing).

the economy that claimant can do. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). Plaintiff asserts that the ALJ failed to demonstrate that other work exists because one of the three jobs identified by the vocational expert as being within Plaintiff's RFC has requirements precluded by the RFC. According to Plaintiff, the job of hardware assembler requires close contact with others and also requires working in closer proximity to others than provided in the RFC limitation.

Regardless of whether the hardware assembler job does or does not fit within Plaintiff's RFC, Plaintiff has posed no objection to the other two jobs identified by the vocational expert. The undersigned finds that the identification of the two remaining jobs adequately discharges the Commissioner's burden at step five to demonstrate that work exists in the national economy that Plaintiff can do with his RFC. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir 1995) (citing 20 C.F.R. § 404.1566(b))("Work exists in the national economy [for step-five purposes] when there is a significant number of jobs (in one or more occupations ) having requirements which [the claimant is] able to meet....").[3]

## Mental RFC Finding

### Post Traumatic Stress Disorder

Plaintiff asserts that the ALJ erred in failing to include Post Traumatic Stress Disorder (PTSD) in the list of impairments at step two and also failed to include any limitations for PTSD in the RFC. There is no merit to this contention.

---

[3] Plaintiff made no assertion in his opening brief that the number of jobs (577,000) in the two remaining occupations does not constitute a significant number of jobs. The undersigned declines to address issues raised for the first time in a reply brief. *See Martin K. Eby Const. Co., Inc. v. OneBeacon Ins. Co.*, 777 F.3d 1132, 1142 (10th Cir. 2015) (citing *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.").

At step two of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016), *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 287 Fed. Appx. 626, 629 (10th Cir. 2008). The undersigned finds no error in the ALJ's findings at step two or in his consideration of Plaintiff's allegations of PTSD. The ALJ addressed Plaintiff's alleged mental impairments and included RFC limitations related to those impairments. Plaintiff has not pointed to any functional limitations related to the alleged PTSD that have not been accounted for in the RFC.

<u>Consideration of Taylor Burns, LCSW</u>

There is no merit to Plaintiff's contention that the ALJ failed to weigh the opinion of his counselor, Taylor Burns, LCSW. The ALJ noted Mr. Burns' LCSW designation, the length of the treatment relationship, frequency of contact, and treatment provided. [R. 27, 607-608]. Plaintiff does not identify any other factors that the ALJ should have considered, except that Plaintiff believes the ALJ should have included the diagnosis of PTSD in the list of severe impairments at step two, which has been addressed.

5

<u>Dr. Griffen's Opinions</u>

Patricia Griffen, PH.D. testified as a medical expert at the hearing before the ALJ. The ALJ gave Dr. Griffen's opinions "some weight." The ALJ provided a lengthy explanation that while Dr. Griffen testified that the evidence did not show that Plaintiff's impairments had more than a minimal impact of Plaintiff's ability to function, based on the treatment records from Family and Childrens Services, depression and anxiety do limit Plaintiff to the extent outlined in the RFC. [R. 29]. In other words, the ALJ found that Plaintiff was more limited than Dr. Griffen testified. In his discussion of Dr. Griffen's testimony, the ALJ noted the inconsistency between Dr. Griffen's opinion that Plaintiff's impairments would not impact his ability to work and Dr. Griffen's finding that Plaintiff had moderate limitations in social functioning. [R. 29]. Since the ALJ recognized the apparent inconsistency in Dr. Griffen's testimony, discussed it, and found that Plaintiff was <u>more</u> limited than Dr. Griffen testified, the undersigned finds that Plaintiff has not identified any basis for reversing the ALJ's decision due to the treatment of Dr. Griffen's testimony.

<u>Dr. Garner</u>

Derrise Garner, Ph.D. performed a psychological consultative examination of Plaintiff on March 27, 2014 which included IQ testing. [R. 492-498]. The full-scale IQ score of 76 showed Plaintiff was functioning in the borderline range of intelligence. Dr. Garner found that Plaintiff was capable of understanding and remembering simple instructions, but appears incapable of persisting on even simple tasks. He could not interact with the public, but could interact with co-workers and supervisors at a very limited level. [R. 497-98]. Dr. Garner completed a Medical Source Statement of Ability to Do

Work-Related Activity (Mental) form and found Plaintiff had marked and extreme limitations in many areas. [R. 489-90]. The ALJ gave Dr. Garner's opinions little weight.

Plaintiff asserts that the ALJ did not give good reasons, supported by substantial evidence for rejecting the opinions of Dr. Garner. The ALJ discussed Dr. Garner's findings and opinions in detail. [R. 30-31]. The ALJ found Dr. Garner's findings concerning PTSD were not consistent with the rest of the record and the symptoms Plaintiff reported to Dr. Garner were not consistent with the overall medical record. The ALJ also noted that Plaintiff has continued to work as an auto mechanic, which involves detailed work and interactions with others. [R. 31-31].

Further, the undersigned notes Dr. Garner's opinions were not uncontradicted. Another psychological consultative examiner, Dr. Russell D. Pella, Ph.D., who also conducted testing on Plaintiff came to different conclusions about Plaintiff's ability to work, finding that Plaintiff had no limitation in the ability to understand, remember, and carry out simple instructions and make judgments on simple work-related decisions. [R. 611]. Dr. Pella found Plaintiff did not put forth adequate effort on the testing and little interpretive value could be gleaned from the results. Likewise, Dr. Pella found it was not clear how Plaintiff's mental health would impact his ability to work because the invalidity of the cognitive performances calls into question Plaintiff's self reporting. [R. 618].

Taking the foregoing into account, the ALJ found that Plaintiff is "limited to simple and routine tasks in a habituated work setting and object oriented setting." [R. 34]. The ALJ specifically found those limitations would account for moderate limitations in concentration, persistence, or pace and that the limitation to routine tasks would account

for difficulties in dealing with quotas, production, work, or decision-making. The ALJ stated these limitations were consistent with Dr. Pella's findings and Dr. Griffen's testimony. *Id.*

The undersigned finds that the ALJ gave adequate reasons for the weight accorded Dr. Garner's opinions and that those reasons are supported by substantial evidence.

<u>Consideration of Third-Party Statements</u>

Plaintiff asserts that the ALJ erred by failing to consider the statements in the record made by an agency employee, C. McKenzie. Plaintiff notes that the Commissioner's regulations require consideration of "observations by our employees." 20 C.F.R. § 404.1529(c)(3), 416.929(c)(3).

These regulations do not address how third party statements and observations are to be evaluated. There is no requirement that the ALJ has to specifically discuss the evidence by non-testifying third parties. At multiple points in the decision, the ALJ stated he considered all of the evidence. [R. 19, 21, 24]. As the Tenth Circuit has done, the undersigned will take the ALJ at his word that he considered all of the evidence. *Hackett v. Barnhart*, 355 F.3d 1168, 1171 (10th Cir. 2005)(the general practice of the Court is to take a lower tribunal at its word when it declares it has considered a matter). Furthermore, the undersigned notes that the information provided by the Social Security Administration employee is cumulative of other information in the record which was addressed by the ALJ.

Social Security information employee C. McKenzie completed a Disability Report–Field Office form completed during an interview with Plaintiff on January 23, 2013. [R. 378-380]. The form has a section for the interviewer to record observations. The employee recorded no difficulties were observed in hearing, reading, breathing,

understanding, with coherency, concentrating, talking, sitting, standing, walking, seeing, using hands, or writing. [R. 379]. Difficulty answering was recorded and it was explained, "Client had much difficulty remembering dates, phone numbers, and events." *Id*. The ALJ did not mention this observation. Plaintiff has not explained how the RFC limitation to simple and routine tasks in a habituated work setting fails to account for these observations.

Plaintiff argues that the RFC is not supported by substantial evidence because it is inconsistent with the third-party statement submitted by his friend, Ms. Witwer. The ALJ stated he considered the observations by Ms. Witwer and gave them great weight in assessing the degree of limitation shown in assessing the "paragraph B" criteria. [R. 38]. Indeed, the ALJ quoted from Ms. Witwer's statement in accessing the "paragraph B" criteria. [R. 22-23] The "paragraph B" criteria are employed at step two of the evaluative sequence to assess the severity of alleged mental impairments.[4] The "paragraph B" criteria are not an RFC finding, but are considered and discussed by the ALJ preliminary to making the RFC finding. [R. 24].

The undersigned rejects Plaintiff's contention that the RFC is not supported by substantial evidence because Ms. Witwer's statements support his allegations of disability. Regardless of whether Ms. Witwer's statements can be considered inconsistent with the

---

[4] When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

RFC, the undersigned finds that the RFC is supported by substantial evidence. The term "substantial evidence" does not mean undisputed or unequivocal. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence. In addition, the court may not reweigh the evidence and displace the agency's choice between two fairly conflicting views. *Lax,* 489 F.3d at 1084. On appeal, the court reviews only the sufficiency of the evidence, not its weight. *Oldham v. Astrue*, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 25, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 11th day of March, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE