# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY DEAN KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-71-TCK-FHM |
| | ) |
| ANDREW SAUL, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision by the Commissioner of the Social Security Administration denying Social Security disability benefits and the Objections thereto filed by plaintiff, Terry Dean Knight. Docs.17, 20. The Magistrate Judge recommended the Commissioner's decision be affirmed. Knight objects to the recommendation.

## I. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a de novo review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a

preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1500 (10th Cir. 1992).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). "Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of that impairment during the time of her alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources," such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a). A plaintiff is disabled under the Act only if her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988) (setting forth the five steps in detail). The claimant bears the burden of proof at steps one through four. *Williams*, 844 F.2d at 751 n. 2. At step one, a determination is made as to whether the claimant is presently engaged in substantial gainful activity. *Id.* at 750. At step two, a determination is made whether the claimant has a medically determinable impairment or combination of impairments that significantly limit his ability to do basic work activities. *Id.* at 751. At step three a determination is made whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Id.* If it is, the claimant is entitled to benefits. *Id.* If it is not, the evaluation proceeds to the fourth step, where the claimant must show that the impairment prevents him from performing work he has performed in the past. *Id.* If the claimant is able to perform his previous work, he is not disabled. *Id.* If he is not able to perform his previous work, then the claimant has met his burden of proof, establishing a prima facie case of disability. The evaluation process then proceeds to the fifth and final step: determining whether the claimant has the residual functional capacity ("RFC")[1] to perform other work in the national economy in view of his age, education, and work experience. *Id.* The Commissioner bears the burden at step five, and the claimant is entitled to benefits if the Commissioner cannot establish that the claimant retains the

---

[1] A claimant's RFC to do work is what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments: the claimant's maximum sustained work capability. *Williams,* 844 F.2d at 751.

3

capacity "to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citation omitted).

## II. Background

Plaintiff was 46 years old on the alleged date of onset of disability and 50 on the date of the ALJ's denial decision. He completed the tenth grade and took some vocational classes in management. R. 113. He formerly worked as an auto mechanic in his own shop. He claims to have been unable to work since October 2, 2012, as a result of post traumatic stress disorder, back and neck pain, depression and anxiety. R. 140.

The ALJ determined that Plaintiff retains RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(C) with some limitations. Plaintiff is unable to lift or carry more than 50 pounds occasionally and 25 pounds frequently, with the same limitations on pushing and pulling. He is able to stand or walk for six hours of an eight-hour workday and sit for eight hours of a workday. He is able to frequently climb ladders, ropes, and scaffolding; bend or stoop; crouch; and crawl. He is limited to simple and routine tasks and must work in a habituated work setting and object oriented setting. He is able to have superficial, but constant contact with coworkers or supervisors. He should not be in close proximity to coworkers such that he should maintain a proximity of three to five feet between other coworkers and himself when working. He should have no contact with the public. R. 24. Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations, including warehouse worker, hardware assembler and machine cleaner. Thus, the case was decided at step five of the five-step evaluative sequence for determining whether a claimant is

disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (setting out and describing in detail the five steps).

## III. Plaintiff's Allegations

Plaintiff contends that at step five of the sequential analysis, the ALJ erroneously found that he can perform other work in the economy. Plaintiff also asserts that the RFC as to his mental impairments is not supported by substantial evidence.

## IV. Analysis

### A. Step Five Analysis

As the Magistrate Judge noted, at step five of the five-step sequential evaluation process, the ALJ must determine whether, considering the claimant's RFC, age, education and work experience there is work the claimant can perform. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Commissioner must provide evidence that demonstrates other work that the claimant can perform exists in the economy. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). Plaintiff argues that the ALJ failed to establish the existence of other work he can perform because one of the three jobs identified by the vocational expert as being within his RFC—hardware assembler—has requirements precluded by the RFC. Specifically, the job of hardware assembler requires close contact with others and also requires working in closer proximity to others than provided in the RFC limitation.

The Magistrate Judge correctly concluded, however, that regardless of whether the hardware assembly job fits within the Plaintiff's RFC, Plaintiff has identified no issues with the other two jobs identified by the vocational expert—warehouse worker and machine cleaner. The identification of these two jobs adequately discharges the Commissioner's burden at step five to demonstrate the existence in the national economy of work that Plaintiff can perform with his RFC.

*See* 20 C.F.R. § 404.1566(b) ("work exists in the national economy [for step-five purposes] when there is a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet . . . .").

Plaintiff also complains that the Magistrate Judge erred in declining to address his argument—raised for the first time in his reply brief—that at step five of the sequential evaluation process, the Commissioner failed to prove that other work Plaintiff could perform existed in significant numbers in the national economy. However, Plaintiff made no assertion in his opening brief that the number of jobs (577,000 in the two remaining occupations) does not constitute a significant number of jobs. Similarly, Plaintiff's contention that he was hampered by briefing page constraints, including a 10-page opening brief, is baseless, as the Scheduling Order allowed him to file a 15-page opening brief. Doc. 12 at 2.

Plaintiff also contends the Report and Recommendation fails to adequately account for his moderate difficulties in maintaining concentration, persistence or pace in formulating the RFC. Doc. 20 at 6. However, as noted in the Report and Recommendation, the ALJ's conclusion that his RFC assessment for simple, routine tasks in a habituated, object-oriented work setting accounted for Plaintiff's moderate limitations in concentration, persistence, or pace and difficulties in dealing with quotas, production work or decision-making was consistent with Dr. Pella's findings and Dr. Griffen's testimony. Doc. 17 at 7-8.

**V. Conclusion**

For the reasons set forth above, the Court concludes that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further, that the ALJ's decision is supported by substantial evidence. Accordingly, the Court overrules Plaintiff's objections to the Report and Recommendation, affirms and adopts the Report and

Recommendation of the Magistrate Judge, and finds in favor of the Commissioner on Plaintiff's appeal of the denial of his application for Social Security benefits.

ENTERED this 7th day of August, 2019.

_____
TERENCE C. KERN
United States District Judge